UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

EDWARD SEDLER,

    Plaintiff,

v.                                                                                   Civ. No. 18-886 MV/GJF

BETTY JUDD, WARDEN, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

    THIS MATTER is before the Court *sua sponte*. Plaintiff Edward Sedler is an incarcerated prisoner. He filed a Prisoner's Civil Rights Complaint on September 19, 2018. ECF No. 1. The Court granted Plaintiff leave to proceed *in forma pauperis* on October 11, 2018. ECF No. 9. The Court also required Plaintiff to make an initial partial payment of $14.57 or show cause why he should not be required to make the payment within 30 days of entry of the Order. *Id.* at 1.

    When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff's six-month inmate account statement shows that he had an account balance sufficient to pay the initial partial payment but instead spends his money on commissary purchases. ECF No. 2 at 3-9; s*ee also Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th

Cir. 2001). More than 30 days has elapsed since entry of the Order, and Plaintiff Sedler has not paid the $14.57 initial partial payment or shown cause why he should be relieved of the obligation to pay.

Plaintiff was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused, but Plaintiff has failed to comply with the Court's Order. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Plaintiff to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's October 11, 2018 Order [ECF No. 9]. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that, on or before **February 11, 2019**, Plaintiff Edward Sedler show cause as to why this case should not be dismissed for failure to comply with the Court's October 11, 2018 Order.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE